**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4477**

———————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHARLES TARRON CARTER,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:12-cr-00559-CMC-1)

———————————

Submitted: May 21, 2015       Decided: June 2, 2015

———————————

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. William N. Nettles, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Tarron Carter pled guilty to being a felon in possession of a firearm and was sentenced to 188 months of imprisonment. Carter argues on appeal that trial counsel was ineffective because he failed to object to the district court's use of Carter's South Carolina burglary convictions as predicate offenses for his status as an armed career criminal, under 18 U.S.C. § 924(e)(1) (2012). For the reasons that follow, we affirm.

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

Because he validly waived the right to appeal issues other than ineffective assistance in his plea agreement, we do not address Carter's claim that he was erroneously sentenced as an armed career criminal. Accordingly, we affirm Carter's sentence. We dispense with oral argument because the facts and

2

legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED